George W. RAY, Plaintiff-Appellee,

v.

CITY AND COUNTY OF DENVER, a municipal corporation; Arthur G. Dill, Chief of Police, City and County of Denver, Elvin R. Caldwell, Manager of Safety, City and County of Denver; and William H. McNichols, Jr., Mayor, City and County of Denver; and Denver Civil Service Commission, consisting of: Ted Bach, Commissioner; William H. Cassell, Commissioner; and Alberta M. Jesser, Commissioner, Defendants-Appellants.

No. 82CA1068.

Colorado Court of Appeals,
Division I.

Sept. 8, 1983.

Rehearing Denied Oct. 6, 1983.

Certiorari Denied Feb. 21, 1984.

Fogel, Keating, & Wagner, P.C., Marshall A. Fogel, Denver, for plaintiff-appellee.

Max P. Zall, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for defendants-appellants.

VAN CISE, Judge.

In this C.R.C.P. 106(a)(4) proceeding, defendants (collectively the City) appeal the trial court's order reversing the order of the Denver Civil Service Commission (the Commission) and directing that plaintiff, George W. Ray, be reinstated to his position as a sergeant in the Denver Police Department (the Department). We affirm.

On July 14, 1981, Ray was dismissed from the Department by the Chief of Police and this dismissal was approved by the Manager of Safety. Ray appealed to the Commission. After an evidentiary hearing, the Commission, upon consideration of Ray's past service, decided that dismissal was too harsh and ordered instead that he "be suspended without pay from the classified service for a period of nine months (from July 14, 1981 through April 14, 1982) and at the end of said suspension [Ray] shall be reinstated to the rank of sergeant in the Denver Police Department contingent upon his successful completion of a polygraph and medical examination."

A few days before the date for termination of his suspension, Ray submitted to a polygraph examination. In the pre-test interview with the polygraph examiner, Ray

admitted to using cocaine on one occasion during his suspension. Based upon this information, the Commission denied Ray reinstatement to the Department. Ray's timely request for reconsideration was denied.

Ray then commenced this action for C.R. C.P. 106(a)(4) review of the Commission's ruling. The trial court ruled that the Commission's rules did not allow it to order a polygraph in this case and that evidence obtained during any phase of a polygraph examination was per se inadmissible in administrative proceedings. Based on those rulings, the court held that the Commission's denial of reinstatement was "arbitrary and capricious because it was based solely upon 'the results of the polygraph examination.'" Ray's reinstatement was ordered, *nunc pro tunc* April 14, 1982, with back pay and benefits from that date.

On appeal, the City contends that the court erred in its ruling with regard to polygraph examinations. We do not address that contention because it is apparent from the record that Ray fully complied with all of the stated conditions, and, therefore, the Commission's denial of his reinstatement constituted an abuse of discretion.

He was charged with violations of specific sections of the rules and regulations of the Department, was found to have violated two of them, and was disciplined for those violations by being suspended for nine months. His reinstatement was "contingent upon his successful completion of a polygraph and medical examination." No other conditions or requirements were imposed.

It was stipulated at trial that there was no issue as to his passing the medical examination. He appeared for, was wired for, and took the polygraph examination. Nothing was said in the Commission's order as to the subject matter of the examination. There were no standards prescribed or instructions included in the rules and regulations of the Department or of the Commission. The polygraph operator had no directions. And, if the results are

admissible, they were that he had told the truth. Thus, there being no criteria specified by the Commission which would indicate otherwise, it appears that the examination was "successfully completed."

Good conduct by the officer during the period of his suspension was not one of the conditions for reinstatement. The Commission could have made this a condition at the time of its original order, but did not.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.